UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCHNITZER STEEL INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MILTON SESSLER; PACIFIC HIDE & FUR DEPOT, a Montana corporation doing business as Pacific Steel & Recycling; PACIFIC HIDE & FUR DEPORT, doing business as Pacific Hide & Fur Depot, a Montana corporation; PACIFIC HIDE & FUR DEPOT, INC., a Washington corporation,<br><br>Defendants. | NO: 4:17-CV-5040-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT is Plaintiff's Motion for a Temporary Restraining Order, ECF No. 3. The Court has reviewed the motion and the record and is fully informed.

Plaintiff filed this suit on March 27, 2017, then filed a Motion for a Temporary Restraining Order ("TRO") on April 7, 2017, ECF No. 3. The Court

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 1

denied Plaintiff's request to expedite hearing of that motion, ECF No. 9, and provided the parties sufficient time to fully brief Plaintiff's request for preliminary relief. *See* ECF No. 41. An evidentiary hearing was held on May 24, 2017, and the Court heard oral argument regarding Plaintiff's requests. Plaintiff was represented by attorneys of record, Richard Hunt and Kevin Curtis. James King and Samuel Thilo appeared on behalf of Defendant Sessler; and Kimberly Kamel and Timothy Lawlor appeared on behalf of the Pacific Defendants.

## DISCUSSION

The Court may enter a temporary restraining order pursuant to FED. R. CIV. P. 65, which states in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Although Plaintiff sought a temporary restraining order on an expedited basis, *see* ECF No. 3 at 4, Plaintiff clarified its intent to allow Defendants to respond to the motion for a TRO. *See* ECF No. 9. In any case, the Court found an insufficient basis to grant a TRO without full briefing by the parties regarding Plaintiff's request for the TRO. *See* ECF No. 41.

"The standard for issuing a temporary restraining order is the same as that for the issuance of preliminary injunction." *Dahlstrom v. Sauk-Suiattle Indian*

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 2

*Tribe of Washington*, No. C16-0052JLR, 2017 WL 413201, at *2 (W.D. Wash. Jan. 31, 2017) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977)). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." (emphasis in original). *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Ordinarily, to obtain a preliminary injunction, the moving party must "demonstrate that (1) he is likely to succeed on the merits of such a claim; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Lopez*, 680 F.3d at 1072 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

In conjunction with the four-part post-*Winter* test, the Ninth Circuit Court of Appeals has stated that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 759 n.1 (9th Cir. 2014) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

**(1) Likelihood of success on the merits**

Plaintiff alleges that Defendant Sessler signed an employment agreement with Plaintiff and that Mr. Sessler violated the terms of the agreement following his transfer to Defendant Pacific. *See* ECF No. 3 at 4. However, Defendants have submitted evidence and raised serious questions about the enforceability of the alleged employment agreement and the terms that underlie a number of Plaintiff's claims. *See e.g.*, ECF No. 25 at 4-5. At this juncture, the Court finds that Plaintiff has failed to demonstrate that Plaintiff is likely to succeed on the merits of its claims that are based on the relevant contract that may not be enforceable.

Two of Plaintiff's employees testified at the hearing that Plaintiff will suffer irreparable injury without the TRO because of the "trade secrets" and "confidential" and "proprietary information" that they allege were taken and used by Mr. Sessler when he left Plaintiff's company to work for Pacific. However, the Court finds that Plaintiff's allegations are not supported by persuasive evidence, but rather are based on Plaintiff's assumptions and speculations.

In rebuttal, Mr. Sessler testified that although he had forwarded some of Plaintiff's documents to his personal email account with the idea that he could adapt the format to use in his new job, that he either deleted those documents or removed them from his computer and returned them to Plaintiff prior to the hearing in this matter. Mr. Sessler credibly testified that he never used the documents for the benefit of his new employer, Pacific, or for his own business interests.

In addition, the CEO of Pacific, Jeff Millhollin, also testified that he never saw or used any of the relevant documents from Plaintiff, and that he never asked Mr. Sessler to solicit employees from Plaintiff's company. Mr. Millhollin also testified that he ordered Mr. Sessler to return all of Schnitzer's documents to them. Further, Mr. Millhollin directed Mr. Sessler and his subordinate, who also had worked previously for Schnitzer, to only contact suppliers and customers in the Spokane area.

Based on the testimony presented at the evidentiary hearing, the Court finds that Mr. Sessler returned or deleted all of the documents that Plaintiff alleges were improperly taken. The Court also finds that at this juncture, Plaintiff has failed to establish any wrongdoing by Pacific as there is no evidence that Pacific ever saw or used the relevant documents or any information that Mr. Sessler had taken from Plaintiff.[1] Therefore, Plaintiff has failed to establish a sufficient likelihood of success on any claim that is before the Court. The first of the Court's four considerations weighs heavily in Defendants' favor.

/ / /

---

[1] The Court is not making a finding regarding whether Pacific would have committed wrongdoing had they used the information to their benefit. Plaintiff has not yet proved the validity and enforceability of the alleged contract signed by Mr. Sessler.

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 5

1        **(2) Irreparable harm**

Failure to show that irreparable harm will result in the absence of a preliminary injunction is fatal to a request for such relief. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("*Winter* tells us that plaintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction."). Plaintiff argues that Defendants already have been taking customers and employees from Plaintiff and could continue to do so absent a TRO or preliminary injunction, and that "[i]ntangible injuries such as threatened loss of goodwill can result in irreparable harm." ECF No. 3 at 8.

As the Court finds that all relevant information was returned without being used and that Plaintiff has not established that Defendants improperly solicited any of Plaintiff's employees, the Court also finds that there is no impending harm. However, even if the Court were to accept the validity of Plaintiff's arguments, Plaintiff fails to show how a preliminary injunction is necessary to show *irreparable* harm. Plaintiff does not allege any damage that could not be quantified as monetary damages in the event that Plaintiff were to succeed at trial.

The Court finds that Plaintiff has failed to make an adequate showing of irreparable harm that would justify the "extraordinary and drastic remedy" of a preliminary injunction or a TRO.

**(3) The balance of equities**

Plaintiff argues that it may lose additional customers, employees, and "good will" without preliminary relief. *See generally* ECF No. 3. However, as previously stated, Plaintiff's evidence fails to demonstrate how these alleged hardships could not be remedied by monetary damages if they are proven at trial. Furthermore, the only supplier that Plaintiff could reference as an example of lost business, Sutton, has since returned its business to Plaintiff.

On the other hand, imposing restrictions on Defendants' businesses absent good cause would be an unjust remedy. Given the Court's findings at this preliminary stage of litigation, any damage that Plaintiff might suffer is far outweighed by the unreasonable restrictions that would be imposed upon Defendants by a TRO. In addition, Plaintiff already is forcing Pacific and Mr. Sessler to face significant litigation costs to respond to voluminous filings in this case. Considering the foregoing, the balance of the equities tips heavily in Defendants' favor.

**(4) Public Interest**

Plaintiff argues that the public has an interest in the enforcement of valid contracts and the restraint of unfair competition.[2]  *See* ECF No. 3 at 10. As

---

[2] Plaintiff also references public interest in enforcing statutes and protecting business investments; however, it has failed to demonstrate how a TRO would serve such purposes here.

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 7

previously discussed, the enforceability of the contract terms relied upon by Plaintiff is questionable, and Plaintiff's allegations of unfair competition and theft of trade secrets are unfounded at this stage of litigation. The public interest is not served by Court orders that limit business activities absent just cause.

## CONCLUSION

In light of the foregoing considerations, the Court finds that entering a TRO or a preliminary injunction would not be appropriate in this matter. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order, **ECF No. 3**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 26, 2017.

            *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
            United States District Judge